**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

EDWARD PERI,

      Plaintiff,

  v.

AMERICAN EXPRESS, STEPHEN SQUERI, CT CORPORATION,

      Defendants.

Case No. 1:22-cv-2481

_____ /

**NOTICE OF REMOVAL OF DEFENDANTS AMERICAN EXPRESS NATIONAL BANK AND STEPHEN SQUERI**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants American Express National Bank (incorrectly designated in the Complaint as "American Express") and Stephen Squeri ("Squeri") (together, "Defendants") by and through their counsel, hereby remove the action entitled *Edward Peri v. American Express, et al.*, Case No. 22c535, pending in the County Court, Boulder County, Colorado (the "Action"), to the United States District Court for the District of Colorado on the following grounds:

    1.    <u>Removal Is Timely</u>.  The Action was filed on August 16, 2022.  The Complaint was served on American Express on August 24, 2022.  No trial date has been set in the Action.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of receipt by, and service on, American Express of the Summons and Complaint.  Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings filed in the Action are attached hereto as Exhibit A.

2. <u>This Court Has Jurisdiction Over the Action</u>. The Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one that American Express may remove to this Court pursuant to 28 U.S.C. § 1441.

  a. Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986) (*citing Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 463 U.S. 1, 9 (1983)). Stated differently, claims "arise under" federal law when a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (*quoting Franchise Tax Bd.*, 463 U.S. at 13, 27–28) (internal quotation marks and citations omitted). Plaintiff alleges that American Express violated the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2018) ("ADA"), a claim arising under the laws of the United States and subject to this Court's removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). *Keil v. CIGNA*, 978 F. Supp. 1365, 1366 (D. Colo. 1997) ("If Congress had desired to make ADA cases non-removable, it could have done so, but did not enact such a provision.")

  b. <u>The Court Has Supplemental Jurisdiction over the State Law Claims</u>. To the extent any other claims in the Action arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

3. <u>No Consent Is Necessary</u>. CT Corporation is included in the caption of the Complaint as a defendant in the Action. However, it is not listed as a named defendant in the

body of the Complaint. To the extent CT Corporation is a named defendant, consent is not necessary for two reasons. First, CT Corporation has not been served and/or appeared in the Action. Second, CT Corporation is merely American Express's registered agent for service of process, is not referenced in the Complaint, and is therefore a nominal defendant. Accordingly, consent to remove is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b). *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (The general rule that "all defendants in a state action must join in the petition for removal . . . [applies] only to defendants properly joined and served in the action."); *see also, Borden v. Blue Cross & Blue Shield*, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006) ("The "rule of unanimity" is excused where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)").

4. <u>Venue Is Proper In This Court</u>. This Court is the proper district court for removal because the Boulder County Court is located within the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1441(a).

5. <u>Notice Will Be Effected</u>. American Express concurrently is filing a copy of this Notice of Removal with the Boulder County Court, without exhibits. American Express will concurrently serve Plaintiff with copies of this Notice of Removal and the state court notice.

DATE: September 23, 2022.

/s/ Daniel E. Rohner
Daniel E. Rohner, #27469
Shook, Hardy & Bacon, LLP
1660 17th Street, Suite 450
Denver, Colorado 80202-1254
Telephone: (303) 285-5300
Facsimile: (303) 285-5301
E-mail: drohner@shb.com

*Attorneys for Defendant American Express National Bank and Stephen Squeri*